WESTBROOKS, J.,
DISSENTING:
¶ 17. I believe that the circuit court exceeded its authority by imposing the full remainder of the suspended portion of Cobbert’s sentence. Therefore, I respectfully dissent.
PROCEDURAL HISTORY
¶ 18. On May 12, 2008, Cobbert pleaded guilty to commercial burglary. The trial court sentenced him to seven years, with one year to serve in the custody of the MDOC, six years suspended, and five years of PRS. An order of revocation (first revocation) was filed on December 5, 2014, indicating Cobbert violated the conditions of his PRS by failing to: report, pay the required fees, and pay court costs. For his first revocation, Cobbert was ordered to serve ninety days in a technical-violation center. Shortly after being released, an arrest warrant was issued for Cobbert, charging him with residential burglary and receiving stolen property. During this revocation hearing (second revocation), the trial court noted that it would disregard the arrest, since Cobbert had not been indicted on the two criminal charges and no witness was present at the hearing to testify as to the probability of Cobbert’s guilt. The trial court revoked Cobbert’s PRS due to Cobbert’s admission that he had failed to report to his probation officer. Cobbert was ordered to serve the remainder of his sentence.
¶ 19. Cobbert filed a PCR motion alleging that the trial court failed to find he had more likely than not committed the crimes of residential burglary and receiving stolen property. The trial court denied Cobbert’s PCR motion, finding that Cobbert’s PRS was not revoked due to the pending criminal charges; rather, it was revoked due to Cobbert’s failure to report to his probation officer. Cobbert then filed a motion for rehearing, asserting that if the trial court used the technical violation for revoking his PRS, then he should have been sent to a technical-violation center for 120 days pursuant to Mississippi Code Annotated section 47—7—37(5)(a) (Rev. 2015). I agree with Cobbert’s assertion regarding sentencing.
¶ 20. Section 47-7-37(5)(a) was amended effective July 1,2014, to provide for graduated penalties for technical violations. Uniformity among revocation sentencing was the legislative purpose for the amendment. See also Miss. Code Ann. § 47-7-38 (Rev. 2015) (imposed graduated sanctions as an alternative to revocation for offenders who committed technical violations while on probation). Prior to July 2014, the concept of “technical violations” did not exist in Mississippi, but disparity among sentencing at revocation hearings did. The probation procedures apply to PRS. See also Miss. Code Ann. § 47-7-37(9).
¶ 21. Section 47-7-37(5)(a) states the following:
The probation and parole officer after making an arrest shall present to the detaining authorities a similar statement of the circumstances of violation. The probation and parole officer shall at once notify the court of the arrest and deten *828 tion of the probationer and shall submit a report in writing showing in what manner the probationer has violated the conditions of probation. Within twenty-one (21) days of arrest and detention by warrant as herein provided,' the court shall cause the probationer to be brought before it and may continue or revoke all or any part of the probation ' or the suspension of sentence. If the court revokes probation for a technical violation, the court shall impose a period of imprisonment to be served in either ’a technical violation center or a restitution center not to exceed ninety (90) days for the first technical violation and not to exceed one hundred twenty’ (120) days for the second technical violation. For the third technical violation, the court may impose a period of imprisonment to be served in either a technical violation center' or a restitution center for up’ to one hundred eighty (180) days or the court may impose the remainder of the suspended portion of the sentence. For the fourth and any subsequent technical violation, the court may impose up to the remainder of the suspended portion of the sentence. The period of imprisonment in a technical violation center imposed under this section shall not be reduced in any manner.
(Emphasis added).
¶22. The majority contends that Cob-bert committed a total of four technical violations—three violations addressed in his first revocation and one violation addressed in his second revocation—thus, the trial court properly ordered Cobbert to serve the remainder of his sentence. However, the first revocation order indicated that Cobbert violated three conditions of his PRS: failure to report, failure to pay the required fees, and failure to pay court costs. The trial court ordered him to serve ninety days in a technical-violation center. The second revocation order noted that Cobbert failed to report to his probation officer,[2] which the State contends is actually Cobbert’s fourth technical violation.
¶ 23. Mississippi Code Annotated section 47—7—2(q) (Rev. 2015) defines a technical violation as “an act or omission by the probationer that violates a condition or conditions of probation placed on the probationer by the court or the probation officer.” (Emphasis added). The plain reading of the statutes indicates that there could potentially be more than one condition within a single violation. Revocation hearings typically follow after the probationer has committed multiple violations, like in Cobbert’s situation where his first revocation hearing encompassed violating three conditions of his PRS. Under the majority’s rationale, if a person faces reinstatement of the remainder of his sentence after the first or second hearing, then the purpose of amending the statute to include the structured graduated schedule is defeated. Cobbert, and others similarly situated, would face either full- or remainder-sentence reinstatement at the time of the first revocation hearing. This would eviscerate the statute.
¶ 24. The trial court revoked Cobbert’s PRS and sentenced Cobbert to ninety days in the restitution center as the first technical violation. Accordingly, pursuant to section 47—7—37(5)(a), Cobbert’s second violation for failure to report to his probation officer should have resulted in a sentence of 120 days in the restitution center. Both the majority and I agree that the circuit revoked. Cobbert’s PRS without considering the new charges of residential burglary *829 and receiving stolen property. Therefore, the only issues before the court were Cob-bert’s failure to report and failure to pay fees.
¶ 25. For these reasons, I also opine that Walker v. State, 2015-CP-00912-COA, — So.3d -, -, 2016 WL 6083239, at *4 (¶ 19) (Miss. Ct. App. Oct. 8, 2016) (rehearing denied April 11, 2017; petition for writ of certiorari filed April 21, 2017), does not contradict the statute. In Walker, this Court reversed and remanded for resen-tencing on a similar issue. There, the defendant’s probation was revoked, and he was ordered to serve the remainder of his sentence. Id. at -, 2016 WL 6083239, at *1 (¶ 1). The defendant’s revocation was based on several violations, including failure to report, to pay fees, and to pay restitution. Id. at -, 2016 WL 6083239, at *4 (¶ 18). However, this Court found, pursuant to section 47-7-37(5)(a), that it was the defendant’s “first technical violation of his probation.” Id. Thus, we found the defendant “should have been sentenced to not more than ninety days in a technical-violation center or restitution center, not to the full term of his suspended sentence ....” Id. at (¶ 19). Walker is consistent with the statute.
¶26. Also, it is important to note that most, if not all, revocations consist of more than one technical violation. I will go as far to say that a trial judge will always be presented with a defendant who has failed to pay and report—the two violations usually go hand in hand. Moreover, the facts in Cobbert are the exact same as the “hypothetical” case the majority identifies in its opinion. Maj. Op. at (¶ 12).
¶ 27. Here, it was Cobbert’s second technical violation of his PRS; thus, he should have been sentenced to not more than 120 days in a technical-violation center. Accordingly, I would find that the circuit court exceeded its authority by imposing the full remainder of Cobbert’s sentence. The majority’s opinion is regressive and would defeat the purpose of the statute: creating uniformity among revocation sentences in Mississippi. To be clear, I do not contend that the statute is .regressive. The majority’s application of the statute is regressive, because the opinion opposes the spirit of the statute.
¶ 28. Therefore, I would reverse and remand for resentencing.
IRVING, P.J., AND BARNES, J., JOIN THIS OPINION; LEE, C.J., AND GREENLEE, J., JOIN THIS OPINION IN PART.

. The order also stated Cobbert had been charged with residential burglary and receiving stolen property. As noted, the trial court disregarded this for purposes of revocation, since there was no evidence Cobbert more likely than not committed the crimes charged.